The document below is hereby signed.

Signed: March 20, 2019



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SALLY REBECCA GLASS | ) | Case No. 19-00020 |
| | ) | (chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
MOTION TO RECONSIDER TERMINATION OF AUTOMATIC STAY

The debtor has filed a motion to reconsider (Dkt. No. 45) the order terminating the automatic stay (Dkt. No. 41) of acts against the real property located at 2022 Columbia Road, NW, Unit 418, Washington D.C. 20009. For the following reasons, that motion will be denied.

I

The debtor filed a voluntary petition in chapter 7 of the Bankruptcy Code on January 8, 2019, to prevent the foreclosure of her home. The mortgagor, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), filed a *Motion for Relief from Automatic Stay* (Dkt. No. 29) on January 24, 2019, accompanied by notice of the opportunity to oppose the motion that gave the debtor 17 days from the filing of the *Motion for Relief From the Automatic Stay*

to file an opposition. The notice of the opportunity to oppose was mailed to the debtor by first class mail to the debtor's address of record. The debtor failed to file any opposition and the court granted the motion on February 21, 2019. The trustee filed Chapter 7 Trustee's Report of No Distribution on February 22, 2019. The debtor filed her motion to reconsider on March 18, 2019.

The case has not been closed because the deadline for objections to discharge does not expire until April 15, 2019.

II

The debtor has filed this motion to reconsider more than 14 days after the entry of the final order. Accordingly, the court considers the motion under Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024. Rule 60(b) provides six reasons for granting relief from a final judgment or order. The debtor appears to be seeking relief under three of those reasons, Rule 60(b)(1), (3), and (6).

Under Rule 60(b)(1), the court may grant relief from a final judgment or order where there is a "mistake, inadvertence, surprise, or excusable neglect." "The determination of 'surprise' or 'excusable neglect' is an equitable matter that requires consideration of, inter alia, the risk of prejudice to the non-movant, the length of delay, the reason for the delay, including whether it was in control of the movant, and whether

the movant acted in good faith." *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011).

The debtor may be asserting that she did not know about the *Motion for Relief From the Automatic Stay* until after receiving the order granting the motion mailed by the court. The debtor asserts that Nationstar has intentionally left her off the Pacer distribution list ("no matter which courts in the DC system"), but it is unclear whether the debtor is asserting that she did not know about the *Motion for Relief From the Automatic Stay* until the court mailed out the order granting the motion, or if she did not learn about the motion being granted until she received the mailed court order. However, the debtor did not sign up in the bankruptcy case to receive electronic notice of orders entered in the case, and Nationstar would not be able to prevent the debtor from having access to Pacer if she signed up for Pacer access.

In any event, the motion was mailed by first class mail to the debtor at the debtor's address of record. If she wished to oppose the motion, the debtor was under an obligation to timely oppose the motion, but she failed to do so. It is incumbent upon the debtor to check her mail, or have her mailed checked if she is unable to do so, to ensure that she could timely respond to any motion served on her.

Moreover, the debtor's motion fails to set forth a

meritorious reason to deny Nationstar's motion.  The debtor asserts that she does not have a place to live if her home is foreclosed upon and her life will be threatened due to her medical condition.  While the court sympathizes with the debtor's position, there is no legal basis for keeping the automatic stay in place as to the debtor's property.  "The automatic stay is a temporary stay pending a determination of whether there is cause to lift the stay, and such cause includes there being, as here, no reason under the Bankruptcy Code to keep the automatic stay in place."  *In re Horton*, No. 18-00636, 2019 WL 642833, at *1 (Bankr. D.D.C. Feb. 14, 2019).

The trustee has indicated that the estate will not be impacted by the lifting of the automatic stay by the fact that the trustee never filed an opposition to Nationstar's motion to lift the stay.  Moreover, after the stay was lifted, the trustee filed a report of no distribution, indicating that the estate has been fully administered.  This means that the property will shortly cease to be the property of the estate, either through abandonment, pursuant to 11 U.S.C. § 554(a), the eventual closing of the case, pursuant to 11 U.S.C. § 554(c), or by being fully exempted under 11 U.S.C. § 522(b)(1).  *In re Horton*, 595 B.R. 1, 3 (Bankr. D.D.C. 2019).  The automatic stay terminates upon property ceasing to be property of the estate.  *Id.*

Additionally, the debtor does not have any right under

chapter 7 to alter the rights of a lienholder.  This is not a chapter 11 or chapter 13 case that may provide a purpose for having the automatic stay remain in place as to the property.

Finally, upon the closing of this case, the automatic stay would be terminated under 11 U.S.C. § 362(c)(1) and (2) with respect to Nationstar pursuing foreclosure efforts.  Even if the debtor is granted a discharge under 11 U.S.C. § 727, liens under chapter 7 pass through the bankruptcy case unaffected by the debtor's discharge.  *Long v. Bullard*, 117 U.S. 617, 621 (1986); *Dewsnup v. Timm*, 502 U.S. 410, 419 (1992).  There is no reason to keep the automatic stay in place until the eventual closing of the case.

Therefore, the court does not find cause under Rule 60(b)(1) for vacating the order granting the lift of the stay.

Under Rule 60(b)(3), a final judgment or order may be vacated where there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  I have explained previously in *In re Hope 7 Monroe Street Ltd. Partnership*, No. 0900273, 2011 WL 2619537, at *2 (Bankr. D.D.C. July 1, 2011):

> To succeed on a Rule 60(b)(3) motion, a party must "establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir.1990) (quoting *Montgomery v. Hall*, 592 F.2d 278, 278-79 (5th Cir.1979)).  The rule is intended "to afford parties relief from

5

judgments which are unfairly obtained, not those which may be factually incorrect." *Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir.1995).

The debtor asserts misconduct and fraud against Nationstar in the Superior Court proceedings, but does not assert any fraudulent conduct related to proceedings on the *Motion for Relief From the Automatic Stay*. There is no indication that the alleged misconduct prevented the debtor from timely opposing Nationstar's motion to lift the stay. In any event, the debtor (as discussed already) presents no valid defense to the *Motion for Relief From the Automatic Stay*. Therefore, there is no reason to vacate the judgment under Rule 60(b)(3).

Under Rule 60(b)(6), the court may grant relief from a final order or judgment for "any other reason that justifies relief." Rule 60(b)(6) "should be only sparingly used," *Good Luck Nursing Home, Inc. V. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980), and only in "extraordinary circumstances," *Ackerman v. United States*, 340 U.S. 193, 199 (1950). The debtor has not shown extraordinary circumstances warranting Rule 60(b)(6) relief, having failed to raise any valid reason to keep the automatic stay in place.

III

For the foregoing reasons, it is

6

ORDERED that the debtor's motion to reconsider (Dkt. No. 45) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications of filings.